UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH M. BANKS,<br><br>        Plaintiff,<br><br>   v.<br><br>EQUILON ENTERPRISES LLC,<br><br>        Defendant. | 1:05-cv-01127 OWW LJO<br><br>CORRECTED<br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 10/30/06<br><br>Non-Dispositive Motion<br>Filing Deadline: 11/15/06<br><br>Dispositive Motion Filing<br>Deadline: 11/30/06<br><br>Settlement Conference Date:<br>11/7/06 9:00 Ctrm. 8<br><br>Pre-Trial Conference Date:<br>2/20/07 11:00 Ctrm. 3<br><br>Trial Date: 3/27/07 9:00<br>Ctrm. 3 (JT-4 days) |

I.   Date of Scheduling Conference.

    January 11, 2006.

II.  Appearances Of Counsel.

    John C. Hall, Esq., and Stephen R. Cornwell, Esq., appeared on behalf of Plaintiff.

    Thelen Reid & Priest LLP by Marytza J. Mendizabal, Esq., appeared on behalf of Defendant.

1

///

III.  Summary of Pleadings.

    1.  According to Plaintiff's Complaint, Plaintiff alleges that, while performing his job duties as a driver for Pan-Pacific Petroleum Carriers, he slipped on a substance on the concrete in the vicinity of the Shell Oil Products U.S. loading rack. Plaintiff alleges he sustained injury to his lower back from the slip.  He claims to have suffered economic and non-economic damages according to proof.

    2.  Equilon denies responsibility for Plaintiff's alleged injury.

IV.  Orders Re Amendments To Pleadings.

    1.  The parties do not anticipate filing any amendments to the pleadings at this time unless discovery should require.

    2.  The parties agree that Plaintiff shall have 120 days to complete investigation and preliminary discovery on the necessity to join additional parties.  In the event that no additional parties are joined as of May 12, 2006, the Doe Defendants shall be dismissed without prejudice.

V.  Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.  Plaintiff was employed as a driver for Pan-Pacific Petroleum Carriers on or about October 6, 2003.  Plaintiff alleges that he slipped on a substance on the concrete in the vicinity of the Shell Oil Products U.S. loading rack.

        2.  Plaintiff claims he sustained injury to his lower back from the slip and seeks to recover economic and non-economic

2

damages according to proof.

      3.    Defendant denies responsibility for Plaintiff's alleged injury.

  B.    Contested Facts.

      1.    All remaining facts are contested.

VI. Legal Issues.

  A.    Uncontested.

      1.    Jurisdiction exists under 28 U.S.C. § 1332. Plaintiff has reserved the right to challenge diversity of citizenship jurisdiction in the event that any third party will destroy jurisdiction.

      2.    Venue is proper under 28 U.S.C. § 1392.

      3.    The parties agree that the substantive law of the State of California provides the rule of decision in this diversity action.

  B.    Contested.

      1.    All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

  1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

  1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

3

///

IX.   Discovery Plan and Cut-Off Date.

   1.   The parties are ordered to complete all discovery on or before October 30, 2006.

   2.   The parties are directed to disclose all expert witnesses, in writing, on or before September 1, 2006.  Any supplemental expert disclosures will be made on or before October 2, 2006.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before November 15, 2006, and heard on December 15, 2006, at 9:00 a.m. before Magistrate Judge Lawrence J. O'Neill in Courtroom 8.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time

4

1  pursuant to Local Rule 142(d).  However, if counsel does not
2  obtain an order shortening time, the notice of motion must comply
3  with Local Rule 251.
4       3.   All Dispositive Pre-Trial Motions are to be
5  filed no later than November 30, 2006, and will be heard on
6  January 8, 2007, at 10:00 a.m. before the Honorable Oliver W.
7  Wanger, United States District Judge, in Courtroom 3, 7th Floor.
8  In scheduling such motions, counsel shall comply with Local Rule
9  230.
10 XI.  Pre-Trial Conference Date.
11      1.   February 20, 2007, at 11:00 a.m. in Courtroom 3, 7th
12 Floor, before the Honorable Oliver W. Wanger, United States
13 District Judge.
14      2.   The parties are ordered to file a Joint Pre-
15 Trial Statement pursuant to Local Rule 281(a)(2).
16      3.   Counsel's attention is directed to Rules 281
17 and 282 of the Local Rules of Practice for the Eastern District
18 of California, as to the obligations of counsel in preparing for
19 the pre-trial conference.  The Court will insist upon strict
20 compliance with those rules.
21 XII. Trial Date.
22      1.   March 27, 2007, at the hour of 9:00 a.m. in Courtroom 3
23 before the Honorable Oliver W. Wanger, United States District
24 Judge.
25      2.   This is a jury trial.
26      3.   Counsels' Estimate Of Trial Time:
27           a.   4 days.
28      4.   Counsels' attention is directed to Local Rules

5

of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

1.   A Settlement Conference is scheduled for November 7, 2006, at 9:00 a.m. in Courtroom 8 before the Honorable Lawrence J. O'Neill, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to

request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

    1.    At the present time, it does not appear that there are any claims that require bifurcation.  The matter may be addressed by stipulation or non-dispositive motion in the future as the subject arises.

**XV. Related Matters Pending.**

    1.    The State Compensation Insurance Fund of California has filed a Notice of Lien pursuant to California Labor Code §§ 3850-

3865 on any potential recovery in this case.

## XVI. Compliance With Federal Procedure.

1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

## XVII.     Effect Of This Order.

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

DATED:  January 11, 2006.

                                             /s/ OLIVER W. WANGER
                                             Oliver W. Wanger

**UNITED STATES DISTRICT JUDGE**

dlp/banks v. equilon sch con

9